**Alket RESULI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–1275–ag.

United States Court of Appeals, Second Circuit.

Sept. 13, 2007.

lenge the IJ's denial before the BIA. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006).

Gregory Marotta, Vernon, NJ, for Petitioner.

Peter D. Keisler, Asst. U.S. Atty. General, Civil Division, Michael P. Lindemann, Asst. Director, Office of Immigration Litigation, Alison Marie Igoe, Senior Litigation Counsel, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER, Hon. REENA RAGGI, and Circuit Judges.

### SUMMARY ORDER

Alket Resuli, a native and citizen of Albania, seeks review of a March 9, 2007 order of the BIA affirming the August 18, 2005 decision of Immigration Judge ("IJ") Steven Abrams denying Resuli's applications for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT"). *In re Resuli,* No. A 97 478 514 (B.I.A. Mar. 9, 2007), *aff'g* No. A 97 478 514 (Immig. Ct. N.Y. City Aug. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one and supplements the IJ's decision, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ Substantial evidence supports the agency's determination that country conditions in Albania have fundamentally changed such that Resuli no longer has a well-founded fear of persecution, even as-

suming that he experienced past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i). The agency appropriately observed that nothing in the country condition evidence suggests that Resuli would be targeted as a member of the Democratic Party where the 2004 Department of State profile indicates that the major political parties do not engage in policies of abuse or coercion.[1] The agency also properly noted that the Communist regime fell in 1991 and that the Democratic Party had regained control of the Albanian Parliament in July 2005. As a whole, the record does not compel us to conclude, contrary to the agency, that Resuli has an objectively reasonable, well-founded fear of persecution upon return. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7; *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) (upholding an IJ's finding of changed country conditions in Albania despite perfunctory analysis because this Court may presume the IJ's familiarity with conditions in countries that are the subject of a large number of asylum claims).

■ Nor do we disagree with the BIA's conclusion that the past harm Resuli suffered was not so severe as to merit the grant of "humanitarian asylum" in the absence of a well-founded fear of persecution. *See Jalloh v. Gonzales,* 498 F.3d 148, 151–52 (2d Cir.2007). Contrary to Resuli's argument, the BIA did not engage in improper factfinding in reaching this conclusion where Resuli himself raised this issue for the first time in his brief to the BIA and the IJ had concluded that any mistreatment he had endured did not merit

---

1. We reject Resuli's argument that the agency improperly failed to shift the burden to the government to rebut the presumption of a well-founded fear of persecution. Such a presumption arises only where the applicant has established past persecution—a finding that the agency never made. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A), (B). Rather, it assumed *arguendo* that Resuli had established past persecution and examined the record for evidence regarding country conditions.

asylum relief. *See id.* (noting that it is unclear whether seeking humanitarian asylum before the BIA without having raised it before the IJ meets the exhaustion requirement to grant this Court jurisdiction, but assuming that the requirement had been met and addressing the merits of the issue). Moreover, because Resuli did not describe any long-lasting physical or mental effects stemming from his past experiences, the BIA did not err in finding that he did not merit humanitarian asylum. *See id.*

Because Resuli was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT where all three claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).